IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VANDERBILT MORTGAGE
AND FINANCE, INC.,

                Petitioner,

v.                                          MISCELLANEOUS NO.  2:14-mc-00136

TONY EDWARD LUCAS,

                Respondent.


**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Vanderbilt Mortgage and Finance, Inc.'s Petition and Motion to Stay Adversary Proceeding Pending Appeal and Request for Temporary Stay Pending Determination of the Motion to Stay Adversary Proceeding Pending Appeal* (Document 1), and accompanying *Memorandum in Support* (Document 2), filed on July 18, 2014.   On August 4, 2014, Petitioner Vanderbilt filed a *Stipulation* (Document 4) whereby the "parties hereby stipulate that Plaintiff-Respondent [Lucas] shall have through Wednesday, August 13, 2014, to file a response to [Vanderbilt's] Petition and Motion to Stay."  (Document 4 at 1.)  In keeping with the parties' stipulation, on August 13, 2014, the Plaintiff-Respondent filed a *Response to Petition and Motion to Stay Pending Appeal* (Document 5), which the Court has also reviewed, as well as Vanderbilt's *Reply Memorandum in Support of its Petition and Motion to Stay Adversary Proceeding Pending Appeal and Request for Temporary Stay Pending Determination of the Motion to Stay Adversary Proceeding Pending Appeal* (Document 6) filed on August 20,

2014. For the reasons stated more fully herein, the Court finds that the Petitioner's motion should be granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL HISTORY

This matter revolves around the lender-borrower relationship between Respondent Tony Edward Lucas (Mr. Lucas) and Petitioner Vanderbilt Mortgage and Finance, Inc. (Vanderbilt), and Mr. Lucas' purchase of a mobile home sometime during October 2012. Specifically, he struggled to make the necessary payments on the loan after his wife fell ill. Despite collection calls and half payments tendered by Mr. Lucas, Vanderbilt initiated foreclosure proceedings on his home on October 16, 2013.

### A. District Court Proceeding

Thereafter, on October 28, 2013, Mr. Lucas filed suit in the Circuit Court of Raleigh County, West Virginia, against Vanderbilt. His complaint contains two counts. Count One asserts a claim for several violations of the West Virginia Consumer Credit and Protections Act ("WVCCPA"), W. Va. Code §§ 46A-1-1-2 *et seq.* (2012), while Count Two asserts an additional claim that the arbitration clause contained within the parties' financing agreement is unconscionable and thereby void and unenforceable.

On November 26, 2013, Vanderbilt filed its *Notice of Removal* (Document 2), and the next day filed a *Motion to Compel Arbitration and to Stay All Further Judicial Proceedings* (Document 3) with an accompanying *Memorandum in Support* (Document 4). Mr. Lucas never filed a response in opposition or otherwise opposed the motion to compel arbitration. However,

on February 3, 2014, the parties submitted a proposed *Agreed Order Compelling Arbitration and Staying All Further Litigation* (Document 7), which this Court entered on February 5, 2014.

    A. *Other Proceedings*

On October 28, 2013, the same day that Mr. Lucas filed his complaint in Raleigh County Circuit Court, he also filed a *Chapter 13 Voluntary Bankruptcy Petition* (*See* Case No. 2:13-bk-20546, Document 1). A *Proof of Claim Objection* and *Adversary Proceeding to Determine Validity of Lien* was then filed by Mr. Lucas on January 7, 2014, resulting in the opening of a new adversary proceeding, Case No. 2:14-ap-2000. In that proceeding, Mr. Lucas' claims against Vanderbilt are for unconscionable inducement, contract defense of fraud in the inducement, and unconscionable arbitration clause. (See Case No. 2:14-ap-2000, Document 1.) On February 12, 2014, in that case, Vanderbilt filed its *Motion to Compel Arbitration and to Stay All Further Judicial Proceedings* (Case No. 2:14-ap-2000, Document 7) and *Memorandum in Support* (Case No. 2:14-ap-2000, Document 8). Mr. Lucas filed a *Response in Opposition* (Case No. 2:14-ap-2000, Document 14), and a hearing was held on April 1, 2014, before the Honorable Ronald Pearson, United States Bankruptcy Judge for the Southern District of West Virginia. Vanderbilt's motion to compel arbitration and stay judicial proceedings was ultimately denied.[1] (See Case No. 2:14-ap-2000, Document 17.)

Thereafter, on April 23, 2014, Vanderbilt filed three pleadings: (1) *Motion for Leave to Appeal Denial of Motion to Compel Arbitration and to Stay Adversary Proceeding Pending Arbitration* (Case No. 2:14-ap-2000, Documents 24), (2) *Motion to Stay Adversary Proceeding Pending Appeal* (Case No. 2:14-ap-2000, Document 25), as well as a (3) *Notice of Appeal [of*

---

[1] The Court notes that the Bankruptcy Judge entered his *Order Denying [Vanderbilt's] Motion to Compel Arbitration and to Stay All Further Judicial Proceedings* (Case No. 2:14-ap-2000, Document 27) on April 25, 2014.

*Order of Bankruptcy Judge styled 'Time Frame Order Non Complex Matter']*(Case No. 2:14-ap-2000, Document 23). On April 29, 2014, Vanderbilt filed a *Motion for Leave to Appeal Denial of Motion to Compel Arbitration and to Stay Adversary Proceeding Pending Arbitration* (Case No. 2:14-ap-2000, Document 30) as well as a *Motion to Stay Adversary Proceeding Pending Appeal* (Case No. 2:14-ap-2000, Document 31).

On May 6, 2014, Vanderbilt filed a *Notice of Voluntary Dismissal of Appeal Filed on April 23, 2014*, wherein it voluntarily dismissed docket entries 23, 24, and 25, but noted that the "dismissal shall be without prejudice to the Notice of Appeal dated April 29, 2014 (Dkt. No. 29), the Motion for Leave to Appeal dated April 29, 2014 (Dkt. No. 30), and the Motion for Stay dated April 29, 2014 (Dkt. No. 31), which appeal and motions are not dismissed." (*See* Case No. 2:14-ap-2000, Document 37 at 1-2.) On July 15, 2014, the Bankruptcy Judge held a hearing, denied the motion to stay, and entered an *Order* memorializing the same on July 21, 2014. (See Case No. 2:14-ap-2000, Documents 51 & 52.)

On July 18, 2014, Vanderbilt filed a *Petition and Motion to Stay Adversary Proceeding Pending Appeal And Request for Temporary Stay Pending Determination of the Motion to Stay Adversary Proceeding Pending Appeal* (Case No. 2:14-mc-136, Document 1). Mr. Lucas filed his Response to Petition and Motion to Stay Pending Appeal (Case No. 2:14-mc-136, Document 5) on August 13, 2014.

## II. APPLICABLE LAW

11 U.S.C. § 8001 mandates that "[a]n appeal from a final judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel shall be taken by filing a notice of appeal . . ." 11 U.S.C. § 8001. Section 8002 requires that the party file any notice of appeal

4

"within 10 days of the date of the entry of the judgment, order, or decree appealed from," with the caveat that any "notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry." 11 U.S.C. § 8002. Section 8005, titled *Stay Pending Appeal*, directs that "[a] motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . must ordinarily be presented to the bankruptcy judge . . .[,]" but with the understanding that "a motion for such relief, or for the modification or termination of relief granted by a bankruptcy judge, may be made to the district court . . . but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge." 11 U.S.C. § 8005.

9 U.S.C. § 16(a) states that "[a]n appeal may be taken from an order (A) refusing a stay of any action under section 3 of this title," as well as "from an order (B) denying a petition under section 4 of this title to order arbitration to proceed," or from "a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. §§ 16(a)(1)(A), 16(a)(1)(B), and 16(a)(3). "As a general rule, the filing of an appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Levin v. Alms and Associates, Inc.*, 634 F.3d 260, 263 (4th Cir. 2011). "Section 16(a)(1)(A) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a)(1)(A), authorizes an appeal from a district court's denial of a petition to stay an action pending arbitration under § 3 of that act." *Levin*, 634 F.3d at 264.

"By its clear and unambiguous terms, § 16(a)(1)(A) entitles any litigant asking for a § 3 stay to an immediate appeal from that motion's denial—regardless of whether the litigant is in fact eligible for a stay." *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624 (2009). Further,

5

"[j]urisdiction over the appeal 'must be determined by focusing upon the category of order appealed from, rather than upon the strength of the grounds for reversing the order.'" *Carlisle*, 556 U.S. at 624. (citing *Behrens v. Pelletier,* 516 U.S. 299, 311, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)).

### III. DISCUSSION

The issue before the Court is whether an appeal to the district court, following a bankruptcy court's denial of a motion to compel arbitration, results in an automatic stay of those bankruptcy court proceedings.[2] The Fourth Circuit Court of Appeals recently analyzed a similar issue in *Levin*. That case presented an appeal from a district court's denial of the Appellants' motion to compel arbitration, with the Appellants' "assert[ing] that the filing of [an] appeal challenging the district court's arbitrability decision divested that court of jurisdiction over the underlying claims." *Levin*, 634 F.3d at 263. The Fourth Circuit noted that there is a circuit split on this issue, with "[t]he Third, Seventh, Tenth, and Eleventh Circuits [holding] that an appeal regarding arbitrability of claims does divest the district court of jurisdiction over those claims, as long as the appeal is not frivolous. The Second and Ninth Circuit have held that no such divestiture occurs." *Id.* The Fourth Circuit analyzed other circuit courts' opinions and reasoning prior to determining its position on the issue.

"The seminal case adopting the majority position is *Bradford–Scott Data Corp. v. Physician Computer Network,* 128 F.3d 504 (7th Cir.1997)." *Id.* (citation omitted.) In joining with *Bradford-Scott*, and the majority, the Fourth Circuit in *Levin* echoed the *Bradford-Scott* court's holding "that a district court was automatically divested of jurisdiction by the filing of an

---

[2] The Court does not address the merits of Vanderbilt's motion to compel arbitration. That is for later briefing and determination.

appeal that alleged that the claims before the district court were subject to mandatory arbitration." *Id.* (citation omitted.) Importantly, *Levin* also emphasized the policy considerations underlying the reasoning in *Bradford-Scott*:

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially.... Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending. Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals.

*Levin*, 634 F.3d at 263-64. However, *Levin* also cautioned that "the approach discussed above is subject to certain safeguards against frivolous appeals," and that "[f]or this reason, each of the circuits adopting the majority view has created a frivolousness exception to the divestiture of jurisdiction." *Id.* at 265. Accordingly, *Levin's* holding also adopted the frivolousness exception.

But the Court cannot end its inquiry here. *See In re Butler*, 2013 WL 2102969 (S.D. W.Va. May 14, 2013) (Copenhaver, J.) (unpublished). To the contrary, this Court must satisfy itself that the holding of *Levin*—reversing the district court's decision that an automatic stay from the denial of a motion to compel arbitration was not warranted—applies to an appeal from a bankruptcy court to the district court, which is the procedural posture here.

Petitioner Vanderbilt stresses that *Levin's* divestiture rule applies with equal force to an appeal from a bankruptcy court to a district court. Vanderbilt proposes that "[t]he right to appeal from either court (and the consequent right to stay) arises from the same statute — Section 16(a)

7

of the FAA, and that the appeal invokes the divestiture rule, which applies regardless of the court from which the appeal is taken." (Document 2 at 10).

Respondent, Mr. Lucas, disagrees, and responds that "Vanderbilt now seeks this Court's assistance to further delay resolution of the bankruptcy, on which the Chapter 13 plan would have already been confirmed if Vanderbilt had simply complied with the bankruptcy court's scheduling order." (Document 5 at 4.) Mr. Lucas stresses that the case should not be automatically stayed for two reasons. "First, Vanderbilt has failed to meet the standards for a stay of a bankruptcy, as well established by the bankruptcy rules. Second, even adopting Vanderbilt's proposed rule of law, the appeal is frivolous and a stay is thus inappropriate." (*Id.* at 5.)

Mr. Lucas also argues that the reasoning in *Levin* "does not stand in the context of a bankruptcy, when arbitration was denied precisely <u>because</u> of the profound bankruptcy interest in simultaneously adjudicating the bankruptcy, the objection to claim, and adversary proceeding in the same forum for the benefit of the creditors and in compliance with the Bankruptcy Code." (*Id.* at 6.) (emphasis in original). Mr. Lucas then states that this Court should "apply the four factor test for stay pending appeal of a bankruptcy order," and consequently, "[b]ecause Vanderbilt fails to establish not just one, but all . . . four . . . required factors, its request for stay should be denied." (*Id.* at 6.) (internal footnote omitted). He also argues that "[b]ecause the bankruptcy court . . . appropriately found the appeal frivolous, a stay should not issue." (*Id.* at 6-12.)

Petitioner Vanderbilt replies that Mr. Lucas is ignoring "binding precedent and creat[ing] the potential for wasting the resources of both the parties and the court." (Document 6 at 1.) It

8

stresses that the Bankruptcy Court never certified the appeal as frivolous, and that the statement that there is not likelihood of success on appeal does not translate to frivolousness, as Mr. Lucas posits.  (*Id.* At 2-3.)  Vanderbilt also maintains that Mr. Lucas wishes to frame the issue "under the four-factor test applicable to non-arbitration appeals.  The law is clear, however, that the FAA governs."  (*Id.* at 1.)  Finally, Vanderbilt maintains that it is "entitled to [a] stay pending appeal as [a] matter of right under the FAA, as recognized by the Court of Appeals in *Levin* and by Judge Copenhaver in *Butler*."  (*Id*. at 5.)

It is well established that district courts act as appellate courts when an appeal is taken from a bankruptcy court's judgment, order, or decree.  "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. . ."  Fed. R. Bankr. P. 8013.  "In considering such appeals from bankruptcy court decisions, the district courts are thus required to review the bankruptcy court's findings of fact for clear error, its legal conclusions *de novo,* and its exercise of discretion for abuse thereof."  *George Junior Republic in Pennsylvania v. Williams,* 2008 WL 763304, at *2 (E.D.Pa. Mar. 19, 2008) (citing *IRS v. Pransky,* 318 F.3d 536, 542 (3d Cir. 2003); *Professional Insurance Management v. Ohio Casualty Group of Insurance Companies,* 285 F.3d 268, 282-283 (3d Cir.2002); *In re Krystal Cadillac Oldsmobile GMC Truck, Inc.,* 142 F.3d 631, 635 (3d Cir.1998)); *see also In re Modanlo,* 266 F.App'x 272, 274 (4th Cir.2008) (per curium) (unpublished decision) ("In a bankruptcy appeal, we review the bankruptcy court's decision directly, applying the same standard of review as did the district court . . . Under this standard, we review legal conclusions de novo and factual findings for clear error."  (citations omitted)).

The Northern District of West Virginia was faced with the similar issue of whether to grant a stay pending appeal of a denial by that court of a motion to compel arbitration and whether any portion of its case could go forward while the appeal was pending. See *Forrester v. Penn Lyon Homes, Inc.*, 2007 WL 4375938 (N.D. W.Va. 2007). Clearly, this case preceded the Fourth Circuit's issuance of its opinion and ruling in *Levin*. Further, the case did not involve a bankruptcy, but a review of it is useful when addressing the issue of whether a stay is appropriate from a policy standpoint. There, the Court based its denial of the motion to stay pending appeal of an earlier denial of a motion to compel arbitration on frivolousness grounds, injected with timeliness concerns, finding the denial "appropriate because of the defendants' actions in waiting until shortly before trial to raise the issue of arbitration in a case that is over two years old." *Forrester*, 2007 WL 4375938 at *1.

Here, by contrast, Vanderbilt has sought to compel arbitration at every stage throughout the different cases and venues. It promptly proposed a joint agreement to arbitrate in Case No. 5:13-cv-30294, which was eventually entered, and also promptly moved to compel arbitration in the bankruptcy adversarial proceeding. Thus, it cannot be said that Vanderbilt's conduct, in any way, parallels the dilatory conduct that was present in *Forrester*. (*See also Hill v. PeopleSoft USA, Inc.*, 341 F.Supp.2d 559, 560 (D. Md. 2004) ("A complete stay of all proceedings is not here appropriate because of the Defendant's actions, or rather inactions, in earlier stages of this litigation. This is a case in which the Defendant employer has had a 'death bed' conversion to the benefits of arbitration after ignoring and thwarting" the arbitration process . . . .)

Moreover, if any fault, resting on dilatory grounds, is to be assessed between the parties, it is not with Vanderbilt. The Respondent, Mr. Lucas, had *previously agreed* to arbitrate his

10

claims before the American Arbitration Association in Case No. 5:13-cv-30294 pending before this Court. Specifically, Mr. Lucas signed off on a proposed agreed order that stated "to the extent that [Mr. Lucas] wishes to pursue any claim against Vanderbilt, those claims must be prosecuted in arbitration before the American Arbitration Association, as provided for in the Arbitration Agreement between [Mr. Lucas] and Vanderbilt." (Document 7.) *At the request of the parties*, the proposed agreed order compelling arbitration was memorialized in this Court's February 5, 2014 *Order* (Document 8), where, in addition to the above, Mr. Lucas was ordered to "initiate the arbitration by filing [his] claims with the American Arbitration Association within one hundred twenty (120) days of the date of this Order, and that failure to do so will result in dismissal, with prejudice, of all of the [Mr. Lucas's] claims." (Document 8 at 2.) Importantly, the claims pending before this Court in Case 5:13-cv-30294, which Mr. Lucas *agreed* to arbitrate and was subsequently *ordered* to arbitrate, are nearly identical to those at issue in the adversary proceeding in Case No. 2:14-ap-2000.[3]

Further, this Court's order compelling arbitration was entered well before the bankruptcy court's hearing on the motion to compel arbitration and stay adversary proceedings in Case No. 2:14-ap-2000. Said hearing was not held until April 1, 2014, and further, the bankruptcy court's written order was not filed until April 25, 2014. A review of all four dockets orbiting this matter reveals that after agreeing to arbitrate and stay litigation in this Court on February 5, 2014, Mr. Lucas subsequently filed a response in opposition on March 6, 2014 (Case No. 2:14-ap-2000, Document 14) to Vanderbilt's motion to arbitrate and stay in the adversarial proceeding. This

---

[3] The Court notes that Mr. Lucas' original state court complaint alleged claims for unlawful debt collection (Count I) and unconscionable arbitration clause (Count II), while his adversary proceeding complaint alleges claims for unconscionable inducement (Count I), contract defense of fraud in the inducement (Count II), and unconscionable arbitration clause (Count III). (*Accord* Case No. 5:13-cv-30294, Document 2-1 at 2-6 with Case No. 2:14-ap-2000, Document 1 at 1-11.) The same set of facts support the claims alleged in both cases.

11

Court finds that such gamesmanship is inappropriate, inexcusable, and has resulted in delay in both proceedings. It is apparent that Mr. Lucas has violated this Court's plainly worded order to initiate arbitration, which was entered at the request of the parties and as a result of their agreement, *after* the filing of the bankruptcy.

*Forrester* also followed the Ninth Circuit's reasoning against an automatic stay as "well-taken, especially in this case" because "an automatic stay of proceedings pending arbitration 'would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration.'" *Forrester*, 2007 WL 4375938 at * 2 (citing *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).[4] This issue of delay could impact the Court's determination of whether the appeal was frivolous if there was a need for this Court to make a sua sponte finding on the issue or to review the Bankruptcy Court's certification of the same. However, here, contrary to Mr. Lucas' assertion, the Bankruptcy Court did not "clearly [find], as supported by the law and the records, that the appeal is frivolous and pursued with the express purpose of simply delaying resolution of the pending bankruptcy." (*See* Document 5 at 12.) Indeed, the word frivolous does not appear in any of the Bankruptcy Court's orders. No certification of frivolousness as contemplated by the Fourth Circuit, when it expressly adopted the exception to the automatic divestiture rule championed in *Bradford-Scott*, was made by the Bankruptcy Judge.

After review and careful consideration of the factual and procedural history, as well as the Fourth Circuit's opinion in *Levi*n, the Court finds no distinguishing facts or reasoning that support the conclusion that the divestiture rule should apply to an appeal taken from a district court order to the appellate level, but not to an appeal taken from a bankruptcy court to a district

---

[4] The *Forrester* Court also noted that no appeal had actually been filed.

court. The Respondent's argument, regarding the four factor test the court uses to determine whether a stay should be issued, is not helpful in this context. As previously stated, district courts act as appellate courts when reviewing a bankruptcy court's order, decree, or judgment in much the same way that the Fourth Circuit Court of Appeals would review an order, judgment, or decree from one of its district courts. See *In re Royal*, 137 Fed.Appx. 537 (4th Cir. 2005). Moreover, the record before the Court reveals that Vanderbilt has timely appealed the bankruptcy court's order(s): (1) denying its motion to compel arbitration and (2) denying its motion to stay the adversarial proceeding pending appeal of the earlier denial of the motion to compel arbitration. Further, the Court finds the bankruptcy court's order did not certify the appeal as frivolous when it denied the motion to stay pending appeal of the arbitration issue. (*See* 2:14-ap-2000, Documents 17 & 27.) Thus, in keeping with the Fourth Circuit's adoption in *Levin* of the majority position, Vanderbilt's appeal of the denial of its motion to compel arbitration automatically divested the bankruptcy court of jurisdiction over the underlying claims and required an automatic stay of the adversary proceeding.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that *Vanderbilt Mortgage and Finance, Inc.'s Petition and Motion to Stay Adversary Proceeding Pending Appeal and Request for Temporary Stay Pending Determination of the Motion to Stay Adversary Proceeding Pending Appeal* (Document 1) be **GRANTED in part** and **DENIED in part**. Specifically, the Court **ORDERS** that the Petitioner's motion to stay adversary proceeding pending appeal be

**GRANTED**, while its request for temporary stay pending determination of the motion to stay be **DENIED** as **MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, to any unrepresented party, and to the Bankruptcy Court Clerk.

ENTER: August 22, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA